IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA CORLISS,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

15-cv-32-jdp

---

Plaintiff Melissa Corliss seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding Corliss not disabled within the meaning of the Social Security Act. On November 19, 2015, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

When determining Corliss's residual functional capacity (RFC), the ALJ afforded all medical opinions concerning Corliss's mental limitations little weight. R. 16.[1] The ALJ cited, but discounted, mental impairment opinions by Dr. Kennedy, Dr. Pierner, Dr. Rattan, and Dr. Johnson. *Id.* The ALJ discounted the opinions because: (1) Corliss did not identify any disabling mental symptoms or limitations in her initial application, her application for reconsideration, or her appeal and request for hearing; (2) Corliss began receiving mental health counseling only after the Social Security Administration denied her application upon reconsideration; and (3) treating sources, consulting sources, and individuals who administered functional capacity evaluations noted inconsistencies between Corliss's alleged

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

symptoms and objective medical findings. *Id.* The ALJ specifically discounted the state agency psychologist's opinions (Dr. Rattan) because he evaluated Corliss only once. R. 17. The ALJ discounted the treating source opinions (Dr. Kennedy and Dr. Pierner) because nothing in the record corroborated their opinions. *Id.*

The ALJ may have had reasons to discount the mental impairment opinions, but the ALJ did not adequately justify his decision, cite to specific inconsistencies in the record, or identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended*, (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)). The ALJ did not appear to regard the treating source opinions with any degree of deference and instead lumped all of the mental impairment opinions into one category and dismissed them.

The bottom line is that the ALJ did not provide a careful analysis of the mental impairment opinions before affording them little weight. Corliss's failure to mention any mental limitations in her original applications may diminish her credibility, but the mental impairment opinions were still evidence of record, and the ALJ should have evaluated them in accordance with section 1527. The ALJ cannot brush off an entire category of medical opinion evidence without acknowledging and engaging the pertinent regulatory factors. Several medical opinions in the record acknowledged that Corliss suffers from moderate to marked mental limitations that impact various aspects of her life. Even Dr. Johnson, a medical professional whose opinions were uncharitable toward Corliss, opined that she had moderate limitations in understanding instructions and in social interactions. R. 752-53. On remand, the ALJ must provide a careful evaluation of the mental impairment opinions in the record and identify and apply the pertinent regulatory factors.

Corliss also contends that the ALJ erred when evaluating her credibility. The ALJ determined that Corliss's statements concerning the intensity, persistence, and limiting effects of her pain were "not entirely credible." R. 15. The ALJ based this determination, in part, on the fact that Corliss collected unemployment benefits during the alleged period of disability. R. 17. But the ALJ's consideration of Corliss's unemployment benefits was cursory, and he failed to acknowledge that in her unemployment applications Corliss disclosed her limitations. Corliss represented that she would be able to work only subject to restrictions. R. 209-10. In a January 21, 2011, statement provided to Wisconsin's Department of Workforce Development, Unemployment Insurance Division, Corliss represented that she would be able to work four hours per day and to lift no more than 20 pounds. R. 211. Maybe the fact that Corliss presented herself as totally disabled at the hearing before the ALJ but capable of performing some work in her unemployment benefits applications undermined her credibility. But the ALJ did not explain how the unemployment records factored in to his credibility analysis. The court is unable to follow his reasoning from his conclusory explanation. On remand, the ALJ should explain his treatment of these records and articulate how he used them when evaluating Corliss's credibility.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Melissa Corliss's application for disability benefits and supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered November 25, 2015.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge